IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CT-3187-M

| | |
|---|---|
| GEMEAN MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| C.O. HERNANDEZ, and C.O. 155, ) | |
| ) | |
| Defendants.[1] ) | |

This matter is before the court on plaintiff's motions for entry of default (D.E. 24) and to appoint counsel (D.E. 28). Also before the court is defendant C.O. Hernandez's response (D.E. 26) to the court's June 5, 2023, order directing him to show cause why his answer should be deemed timely filed.

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, alleging defendants have violated his civil rights. Following a period of frivolity review, the action was allowed to proceed as to defendants. On April 19, 2023, a summons was issued as to defendant C.O. Hernandez ("Hernandez"). On May 1, 2023, Hernandez's summons was returned executed, and his answer was due May 19, 2023. Hernandez did not file his answer until May 30, 2023. On June 5, 2023, the court directed Hernandez to show cause why his answer should be deemed timely filed. On June 8, 2023, plaintiff filed the instant motion for entry of default. Hernandez timely filed his response to the court order on June 19, 2023. Plaintiff filed the instant motion to appoint counsel on August 16, 2023.

---

[1] The following formerly-named defendants were dismissed on April 19, 2023: Chip Hughes, David McFadden, and C.O. Donnie Lam.

The court finds good cause exists to deem defendant Hernandez's answer timely filed. See Fed. R. Civ. P. 6(a) & 12(a). The court further finds plaintiff is not prejudiced by such action. Therefore, plaintiff's motion for entry of default is denied as moot. See Fed. R. Civ. P. 55(a).

The court now considers plaintiff's motion to appoint counsel. No right to counsel exists in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The presence of "exceptional circumstances" depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa, 490 U.S. 296 (1989) (citation omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that this case is one in which exceptional circumstances merit appointment of counsel. Further, plaintiff's filings demonstrate his ability to proceed pro se. Accordingly, the court denies plaintiff's motions to appoint counsel.

Accordingly, plaintiff's motion to appoint counsel (D.E. 28) is DENIED, and his motion for entry of default (D.E. 24) is DENIED AS MOOT. Defendant's request to deem his answer timely filed (D.E. 26) is GRANTED.

SO ORDERED, this 21st day of August, 2023.

RICHARD E. MYERS II
Chief United States District Judge