IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3187-M

| | | |
|---|---|---|
| GEMEAN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| C.O. HERNANDEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for discovery, production of documents and interrogatories (DE 31). The court construes plaintiff's motion as a motion to compel. Defendants did not respond.

Plaintiff, a state inmate proceeding pro se, filed a complaint beginning this action on June 14, 2022, alleging claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. On September 7, 2023, plaintiff filed the instant motion to compel seeking for defendants "to produce for inspection and photocopying non-privileged documents written or electronically stored that are relevant to [the instant action] and that defendant C.O. Hernandez answer [eight] interrogatories." (Pl. Mot. [D.E. 31] at 1). Plaintiff then lists three requests for production and eight interrogatories. (Id. at 1–3).

If a party fails to respond to discovery requests, the party seeking discovery may file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). Federal Rule of Civil Procedure 37 permits a party to move to compel cooperation with discovery requests so long as that party certifies that it has "in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, the court's local rules require a certification "that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1.(c)(2); see generally Boykin Anchor Co., Inc. v. Wong, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under federal and local rules). "When a party fails to comply with Local Civil Rule 7.1, a court may deny its motion." Higgins v. Spence & Spence, PA., No. 5:07-CV-33-D(1), 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (collecting cases). "Pro se, incarcerated parties are not exempt from Rule 37's requirement that the moving party certify that he conferred or attempted to confer with the opposing party prior to filing the motion." Bowden v. Wheeler, No. 5:21-CT-3038-FL, 2023 WL 1810477, at *1 (E.D.N.C. Jan. 19, 2023) (citations and internal quotation marks omitted).

Plaintiff's motion lacks any certification that plaintiff met and conferred with defendants and otherwise does not comply with the requirements of Local Civil Rule 7.1(c). See Fed. R. Civ. P. 37(a)(1). Accordingly, plaintiff's motion to compel [D.E. 31] is DENIED.

SO ORDERED, this 27th day of December, 2023.

Richard E. Myers V
RICHARD E. MYERS II
Chief United States District Judge

2