IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-CT-3187-M

| | | |
|---|---|---|
| GEMEAN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| C.O. HERNANDEZ and C.O. 155, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment [D.E. 37]. Also before the court is plaintiff's motion for court to deny summary judgment motion [D.E. 42], which the court construes as plaintiff's response. For the reasons discussed below, defendants' motion is granted.

## PROCEDURAL HISTORY

On June 14, 2022, plaintiff, a state inmate proceeding pro se, filed the instant action pursuant to 42 U.S.C. § 1983 alleging defendants violated his Eighth Amendment rights under the United States Constitution by denying him medical care and sexually assaulting him. On April 19, 2023, the court conducted a frivolity review of the complaint and allowed the action to proceed as to plaintiff's claims against defendants C.O. Hernandez ("Hernandez") and C.O. 155.

On February 21, 2024, defendants timely filed the instant motion for summary judgment. In support, defendants filed a memorandum in support, statement of material facts, and appendix of exhibits consisting of the following: (1) grievance procedures for Craven County Detention Facility; (2) incident reports by Hernandez and Sgt. Reginal Jackson; (3) plaintiff's grievances; (4) plaintiff's Craven County booking card; (5) defendant Hernandez's declaration; (6) Craven County

Confinement Facility Standard Operating Procedure Manual; (7) plaintiff's medical inquiries; (8) declaration of Mariah Adams, the administrative assistant for Craven County Detention Center ("CCDC"); (9) declaration of Everett Smith, Chief Detention Officer at CCDC; and (10) declaration of Terrence Harkley, a lieutenant at CCDC.

The same day, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the court notified plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadline. On March 11, 2024, plaintiff filed the instant motion for the court to deny defendants' motion for summary judgment, which the court construes as a response in opposition.

## DISCUSSION

A.  Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at

2

249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B. Analysis

Defendants have satisfied their burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see also Def. Mem. in Supp. [D.E. 40] at 3–20). Thus, the burden shifts to plaintiff, and he "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Plaintiff plaintiff's response does not identify evidence establishing a genuine dispute of material fact. (See DE 42). See Celotex, 477 U.S. at 324. Further, plaintiff's complaint is verified (see DE 1), but the statements therein do no create a genuine issue of material fact for the reasons stated below. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (concluding a verified complaint can defeat a motion for summary judgment).

In his verified complaint, plaintiff indicates he exhausted grievance process for his claims by checking "yes" on the complaint form. (Compl. [D.E. 1] at 10). However, such an indication is belied by record evidence of plaintiff's grievance filings showing plaintiff closed the two relevant grievances shortly after submitting them without having them addressed and never submitted a follow-up grievance or communication through CCDC's electronic system. (Def. Ex. C [D.E. 39-3] at 6); see Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purpose of ruling on a motion for summary judgment."); Harris v. Pittman, 927 F.3d 266, 276 (4th Cir. 2019)

3

("[Summary judgment] is proper under Scott only when there is evidence . . . of undisputed authenticity that shows some material element of the plaintiff's account to be blatantly and demonstrably false"). The remainder of the complaint does not address whether plaintiff exhausted his grievance procedures.

Therefore, defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the reasons discussed above, the court GRANTS defendants' motion for summary judgment (D.E. 37) and DENIES plaintiff's motion for court to deny defendants' summary judgment motion [D.E. 42]. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of September, 2024.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

4